JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
AMANDA O'HARA and PAUL O'HARA

**DEFENDANTS**
THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER MICHAEL McEVOY (#15100), POLICE OFFICER MICHAEL MALONE (#20890) and POLICE OFFICERS "JOHN DOE" # 1-4,

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
THE ORLOW FIRM
71-18 Main Street, Flushing, NY 11367

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 1983
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 10/5/11
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NEW YORK

AMANDA O'HARA and PAUL O'HARA, )
)
*Plaintiff* v. )
)
THE CITY OF NEW YORK, NEW YORK CITY POLICE )
DEPARTMENT, POLICE OFFICER MICHAEL McEVOY ) Civil Action No. 11 CV 3990(BMC)
(#15100), POLICE OFFICER MICHAEL MALONE (#20890) )
and POLICE OFFICERS "JOHN DOE" # 1-4, )
)
*Defendant* )

## AMENDED
## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

THE CITY OF NEW YORK 100 Church Street, New York, NY 10007

NEW YORK CITY POLICE DEPARTMENT 1 Police Plaza, New York, NY 10001

POLICE OFFICER MICHAEL McEVOY (#15100) 78 Richmond Terrace, St. George, NY 10301

POLICE OFFICER MICHAEL MALONE (#20890) 78 Richmond Terrace, St. George, NY 10301

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X   CIVIL ACTION
AMANDA O'HARA and PAUL O'HARA,

                              Plaintiff,

  - against-

                                                    **AMENDED COMPLAINT**
                                                    **JURY DEMAND**

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER MICHAEL McEVOY
(#15100), POLICE OFFICER MICHAEL MALONE (#20890)
and POLICE OFFICERS "JOHN DOE" # 1-4,                  11 CV 3990(BMC)

                              Defendants.
-----------------------------------------------------------------X

       The Plaintiff, complaining of the Defendants, by their attorneys, THE ORLOW FIRM, respectfully shows to this Court and alleges:

## JURISDICTION

FIRST: That Jurisdiction is founded upon the existence of a Federal Question.

SECOND: That this is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage, of a right, privilege, and immunity secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. § 1983) and arising under the law and statutes of the State of New York.

THIRD: Jurisdiction is founded upon U.S.C. § 1343(3) and (4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage, of a right, privilege, and immunity secured to a plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States.

## PARTIES

FOURTH: That the plaintiffs are Citizens of the United States and a resident of the City of New York, County of Richmond, State of New York.

FIFTH: Upon information and belief, that at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, was and still is a municipal corporation duly organized and existing under and by virtue of the laws of The State of New York.

SIXTH: Upon information and belief, that at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, its agents, servants and employees, operated, maintained and controlled the Police Department of The City of New York, including all the police officers thereof.

SEVENTH: Upon information and belief, that at all times hereinafter mentioned, and on or prior to April 7, 2010, POLICE OFFICER MICHAEL McEVOY (#15100), POLICE OFFICER MICHAEL MALONE (#20890) and POLICE OFFICERS "JOHN DOE" # 1-4, were employed by defendant, NEW YORK CITY POLICE DEPARTMENT, as police officers

EIGHTH: This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 and the rights under the Constitution and laws of the State of New York.

NINTH: Each and all of the acts of the defendants alleged herein were done by the defendants, their agents, servants and employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York and the County of New York, and under the authority of their office as police officers of said state, city and county.

## PLAINTIFF AMANADA O'HARA'S CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1983

TENTH: Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked FIRST through NINTH with the same force and effect as if more fully and at length set forth herein.

ELEVENTH: That on or about the 7th day of April, 2010 at approximately 12:15 a.m., plaintiff, AMANDA O'HARA, was lawfully and properly at or in front of the location known and designated as 1063 Post Avenue, in the County of Richmond, City and State of New York, at which time and place defendants, POLICE OFFICER MICHAEL McEVOY (#15100), POLICE OFFICER MICHAEL MALONE (#20890) and POLICE OFFICERS "JOHN DOE" # 1-4,, then and there were at as part of their regular and official employment as police officer for the defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT.

TWELFTH: As plaintiff, AMANDA O'HARA, was lawfully and properly thereat, the aforementioned POLICE OFFICER MICHAEL McEVOY (#15100), POLICE OFFICER MICHAEL MALONE (#20890) and POLICE OFFICERS "JOHN DOE" # 1-4, who having the real and apparent ability to cause imminent harmful and offensive bodily contact and the power and authority to arrest and imprison the plaintiff did so threaten these acts upon the plaintiff, who, after continuing her lawful activity, was violently struck by the defendant, POLICE OFFICER MICHAEL McEVOY (#15100), POLICE OFFICER MICHAEL MALONE (#20890) and POLICE OFFICERS "JOHN DOE" # 1-4, on the aforementioned date, time and place.

THIRTEENTH: Defendants used such force with the intent to inflict unnecessary harm on the plaintiff, AMANDA O'HARA, and such use of force did cause physical and mental injuries to plaintiff and deprived him of his rights and liberties as set forth in the Constitutions of the United States and of the State of New York.

FOURTEENTH: The defendants, POLICE OFFICER MICHAEL McEVOY (#15100), POLICE OFFICER MICHAEL MALONE (#20890) and POLICE OFFICERS "JOHN DOE" # 1-4, caused an assault and battery when they, in a hostile and/or offensive manner, threatened, touched and beat the plaintiff, AMANDA O'HARA, without her consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff, and did arrest plaintiff, all without warrant, probable cause or any lawful cause whatever.

FIFTEENTH: The defendant, the City of New York, it's agents, servants and employees failed to adequately and properly hire, retain, train, supervise, discipline or in any other way control the behavior and performance of the defendants, their agents, servants and employees and in their hiring practices in the exercise of their police functions and, their failure to enforce the laws of the State and City of New York is evidence of the reckless lack of cautious regard for the rights of the public including plaintiff and exhibited a lack of that degree of due care which prudent and reasonable individuals would show in executing the duties of the defendants.

SIXTEENTH: The failure of the defendants, their agents, servants and employees to hire, train, supervise, discipline or in any other way control the defendants, in the exercise of their functions and their failure to enforce the laws of the State of New York and the City of New York was and is carried out wilfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of the State and City of New York, including plaintiff.

SEVENTEENTH: Due to the acts of the defendants, their agents, servants and employees herein, the failure of the City of New York to discipline and properly hire the defendants and the continued employment of the defendant presented a clear and present danger to the citizens of the City and State of New York.

EIGHTEENTH: That the defendants, their agents, servants and employees permitted the use of policies, written or otherwise, that were violative of the constitutional rights of the above named plaintiff; and, in that each and all of the acts of the defendants, their agents, servants and employees alleged herein were done not as individuals but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York and the County of Richmond, and under the authority of their office as police officers for said city and county.

NINETEENTH: Plaintiff, AMANDA O'HARA, did not commit any crime, either before or at the time she was viciously assaulted and battered and deprived of his constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C. § 1983 and the Constitution of the State of New York.

TWENTIETH: That at all times hereinafter mentioned, the defendant, POLICE OFFICER

MICHAEL McEVOY (#15100), POLICE OFFICER MICHAEL MALONE (#20890) and POLICE OFFICERS "JOHN DOE" # 1-4, were employed in their capacity by the defendant, THE CITY OF NEW YORK and were acting under the color of their official capacity and their acts were performed under the color of the policies, statutes, ordinances, rules and regulations of the City of New York

TWENTY-FIRST:  That at all times hereinafter mentioned, defendant, POLICE OFFICER MICHAEL McEVOY (#15100), POLICE OFFICER MICHAEL MALONE (#20890) and POLICE OFFICERS "JOHN DOE" # 1-4, were acting pursuant to order directives from defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT.

TWENTY-SECOND:  That during all times hereinafter mentioned, the defendant police officers, acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the City of New York and the defendants here, engaged in the illegal conduct here mentioned to the injury of the plaintiff, AMANDA O'HARA, and deprived plaintiff of the rights, privileges and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

TWENTY-THIRD:  The Police Officers of the defendant, THE CITY OF NEW YORK and its individual members who are agents, servants and employees of defendants, together with persons unknown to plaintiffs, acting under color of law, have subjected plaintiff, AMANDA O'HARA, and other persons to a pattern of conduct consisting of illegal harassment, intimidation, assault and battery, false imprisonment and arrest at the time said persons are lawfully and properly on the public sidewalks in the County of Richmond, City and State of New York, in denial of rights, privileges and immunities guaranteed plaintiff, AMANDA O'HARA, and other citizens by the Constitution of the United States.

TWENTY-FOURTH:  This systematic pattern of conduct consists of a large number of individual acts of violence and intimidation, visited on plaintiff, AMANDA O'HARA, and other citizens by members of the police department of defendant, THE CITY OF NEW YORK, acting in concert with persons unknown to plaintiff and under color of law and said acts, while carried out under color of law, have no justification or excuse in law and are instead illegal, improper and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring order.

TWENTY-FIFTH:  Although defendants knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants and employees, the defendant, THE CITY OF NEW YORK did not take any steps or make any efforts to halt this course of conduct, to make redress to the plaintiff or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents.

TWENTY-SIXTH:  The unlawful and illegal conduct of the defendants, their agents, servants and employees and each of them, deprived Plaintiff of the following rights, privileges and immunities secured to them by the Constitution of the United States and of the State of New York:

    a) The right of Plaintiff to be secure in his person and effects against unreasonable search and

seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States; and,

b) The right of Plaintiff to be informed of the nature and cause of the accusation against them as secured to him under the Sixth and Fourteenth Amendments of the Constitution of the United States; and,

c) The right of Plaintiff not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.

TWENTY-SEVENTH: That by reason of the aforesaid violations, including harassment, intimidation, assault and battery caused by the defendants, their agents, servants and employees who conspired together to enter into a nefarious scheme to wrongfully deprive the plaintiff and compel him to abandon their rights and privileges as provided to them in the Constitution of the United States of America, and provided in the Constitution of the State of New York, and laws thereto, the defendants, their agents, servants and employees violated 42 U.S.C. § 1983, in that the defendants, their agents, servants and employees acted as persons who under color of any statute, ordinance, regulation, custom or usage of the City of New York, subjected or caused to be subjected, citizens of the United States or other persons within their jurisdiction, particularly the Plaintiff, AMANDA O'HARA, thereof to be deprived of their rights, privileges or immunities received by the Constitution and laws of the United States of America and of the State of New York; Plaintiff was subjected to great indignities and humiliation, and pain and distress of mind and body and were held up to scorn and ridicule, injured in their character and reputation, were prevented from attending his usual business and vocation and was injured in his reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging plaintiff.

TWENTY-EIGHTH : That by reason of the aforesaid intentional, harassment, intimidation, assault and battery and deprivation of plaintiff's rights and liberties as guaranteed by the aforementioned constitutions, by the defendants, their agents, servants and employees, acting within the scope of their authority, and without any probable or reasonable cause, the Plaintiff, AMANDA O'HARA, suffered great bodily injury in and about his head, neck, back, body and limbs and was rendered sick, sore, lame and disabled, and among other things, he suffered conscious pain and suffering, and that he was otherwise damaged.

TWENTY-NINTH: That as a result of the foregoing violations of Plaintiff's constitutional rights, Plaintiff, AMANDA O'HARA, has been damaged in the sum of $5,000,000.00.

### PLAINTIFF AMANDA O'HARA'S SECOND CAUSE OF ACTION FOR NEGLIGENCE AGAINST THE CITY OF NEW YORK AND NEW YORK CITY POLICE DEPARTMENT

THIRTIETH: Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as if more fully and at length set forth herein.

THIRTY-FIRST: That the Defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, their agents, servants and/or employees, disregarded their duty to protect the Plaintiff, AMANDA O'HARA, and failed to prevent the aforesaid Officer from utilizing a form of cruel and unusual punishment on the aforesaid Plaintiff by threatening, assaulting and attacking the Plaintiff, and inflicting serious injuries upon the Plaintiff, and took no action to stop these unlawful acts.

THIRTY-SECOND: Upon information and belief, that at the time and place aforesaid, the Defendants, had actual knowledge and notice of the vicious and dangerous propensities of the Officers who attacked the Plaintiff, AMANDA O'HARA, or the same had existed for sufficient length of time prior to the occurrence herein alleged that the Defendants could and should have had such knowledge and notice.

THIRTY-THIRD: The aforesaid occurrence was caused, concomitantly, with the willful and intentional and/or negligent acts of the aforesaid agent, servant and/or employee of the Defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, as aforementioned, in that upon information and belief, the Defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, or its agents, knew or should have known, prior to, at, and subsequent to the time when it employed and engaged said employee to wit Defendant POLICE OFFICER MICHAEL McEVOY (#15100), POLICE OFFICER MICHAEL MALONE (#20890) and POLICE OFFICERS "JOHN DOE" # 1-4, that they were persons of mean and vicious temperament, had previously committed assaults and batteries upon other persons without just cause or provocation, and were known by general reputation to be bellicose; or its agents failed and neglected to make any, or appropriate, inquiries with respect to the character, temperament and temper of the aforesaid officers, prior to, at, or subsequent to the time it employed and engaged said agent, servant and/or employee.

THIRTY-FOURTH: That by reason of the aforesaid, the Defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, were negligent in hiring and retaining defendant POLICE OFFICER MICHAEL McEVOY (#15100), POLICE OFFICER MICHAEL MALONE (#20890) and POLICE OFFICERS "JOHN DOE" # 1-4.

THIRTY-FIFTH: That solely and wholly as a result of the negligence of the Defendants as aforesaid, Plaintiff, AMANDA O'HARA, suffered severe and serious injuries and Plaintiff has been informed and believes that he will continue to suffer therefrom for an indefinite time in the future and that some of said injuries are permanent in nature.

THIRTY-SIXTH: That as a result of the foregoing violations of Plaintiff's constitutional rights, Plaintiff, AMANDA O'HARA, has been damaged in the sum of $5,000,000.00.

### PLAINTIFF AMANDA O'HARA'S THIRD CAUSE OF ACTION FOR NEGLIGENCE AGAINST DEFENDANT POLICE OFFICER MICHAEL McEVOY (#15100),

### POLICE OFFICER MICHAEL MALONE (#20890) and
### POLICE OFFICERS "JOHN DOE" # 1-4

THIRTY-SEVENTH: Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as if set forth fully herein.

THIRTY-EIGHTH: That Defendants, POLICE OFFICER MICHAEL McEVOY (#15100), POLICE OFFICER MICHAEL MALONE (#20890) and POLICE OFFICERS "JOHN DOE" # 1-4, carelessly, negligently and recklessly inflicted the aforesaid injuries upon the Plaintiff, AMANDA O'HARA, and utterly failed to exercise the necessary amount of care and caution which reasonable persons would have exercised to prevent this foreseeable occurrence.

THIRTY-NINTH: The injuries of the Plaintiff, AMANDA O'HARA, were due solely to the aforesaid negligent, careless and reckless conduct on the part of said Defendants without any negligence on the part of the Plaintiff contributing thereto.

FORTIETH: By virtue of the aforesaid negligence of Defendants, POLICE OFFICER MICHAEL McEVOY (#15100), POLICE OFFICER MICHAEL MALONE (#20890) and POLICE OFFICERS "JOHN DOE" # 1-4, plaintiff suffered severe and serious injuries as aforesaid.

FORTY-FIRST: That as a result of the foregoing violations of Plaintiff's constitutional rights, Plaintiff, AMANDA O'HARA, has been damaged in the sum of $5,000,000.00.

### PLAINTIFF AMANDA O'HARA'S FOURTH CAUSE OF ACTION
### FOR ASSAULT

FORTY-SECOND: Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as if set forth fully herein.

FORTY-THIRD: That the defendant, POLICE OFFICER MICHAEL McEVOY (#15100), POLICE OFFICER MICHAEL MALONE (#20890) and POLICE OFFICERS "JOHN DOE" # 1-4, intentionally caused Plaintiff, AMANDA O'HARA, to experience a reasonable apprehension that an immediate harmful and offensive contact would be applied to his person.

FORTY-FOURTH: By virtue of the aforesaid intentional acts of this defendants, the plaintiff, AMANDA O'HARA, suffered severe and serious injuries as aforesaid.

FORTY-FIFTH: That as a result of the foregoing violations of Plaintiff's constitutional rights, Plaintiff, AMANDA O'HARA, has been damaged in the sum of $5,000,000.00.

### PLAINTIFF AMANDA O'HARA'S FIFTH CAUSE OF ACTION FOR BATTERY

FORTY-SIXTH: Plaintiffs repeat, reiterate and reallege each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as if set forth fully herein.

FORTY-SEVENTH: That the defendant, POLICE OFFICER MICHAEL McEVOY (#15100), POLICE OFFICER MICHAEL MALONE (#20890) and POLICE OFFICERS "JOHN DOE" # 1-4, intentionally caused a harmful and offensive contact to be applied to the person of the Plaintiff, AMANDA O'HARA.

FORTY-EIGHTH: By virtue of the aforesaid intentional acts of this defendant, the Plaintiff, AMANDA O'HARA, suffered severe and serious injuries as aforesaid.

FORTY- NINTH: That as a result of the foregoing violations of Plaintiff's constitutional rights, Plaintiff, AMANDA O'HARA, has been damaged in the sum of $5,000,000.00.

FIFTIETH: That heretofore, on May 25, 2010, a Verified Notice of Claim was duly served upon the Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT.

FIFTY- FIRST: That said Notice of Claim was duly served upon the Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, within ninety (90) days after the causes of action of the Plaintiff(s) accrued.

FIFTY- SECOND: That more than ninety (90) days have elapsed since the service of said Verified Notice of Claim upon the Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT.

FIFTY- THIRD: That the Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, and its Comptroller have failed, neglected and refused to pay, settle, compromise or adjust the claims of the Plaintiff herein.

FIFTY- FOURTH: That on May 6, 2011, Plaintiff, AMANDA O'HARA, submitted to a inquiry concerning the justness of his claim.

FIFTY- FIFTH: That this action has been commenced within one (1) year and ninety (90) days after the causes of action of Plaintiff accrued.

FIFTY- SIXTH: That the Plaintiff has duly complied with all the conditions precedent to the commencement of this action.

FIFTY- SEVENTH: That this action falls within one or more of the exceptions enumerated in Art 16 of the CPLR.

## PLAINTIFF PAUL O'HARA'S CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1983

FIFTY- EIGHTH: Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked FIRST through NINTH with the same force and effect as if more fully and at length set forth herein.

FIFTY-NINTH: That on or about the 7th day of April, 2010 at approximately 12:15 a.m., plaintiff, PAUL O'HARA, was lawfully and properly at or in front of the location known and designated as 1063 Post Avenue, in the County of Richmond, City and State of New York, at which time and place defendants, POLICE OFFICER MICHAEL McEVOY (#15100), POLICE OFFICER MICHAEL MALONE (#20890) and POLICE OFFICERS "JOHN DOE" # 1-4, then and there were at as part of their regular and official employment as police officer for the defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT.

SIXTIETH: As plaintiff, PAUL O'HARA, was lawfully and properly thereat, the aforementioned POLICE OFFICER MICHAEL McEVOY (#15100), POLICE OFFICER MICHAEL MALONE (#20890) and POLICE OFFICERS "JOHN DOE" # 1-4, who having the real and apparent ability to cause imminent harmful and offensive bodily contact and the power and authority to arrest and imprison the plaintiff did so threaten these acts upon the plaintiff, who, after continuing her lawful activity, was violently struck by the defendant, POLICE OFFICER MICHAEL McEVOY (#15100), POLICE OFFICER MICHAEL MALONE (#20890) and POLICE OFFICERS "JOHN DOE" # 1-4, on the aforementioned date, time and place.

SIXTY- FIRST: Defendants used such force with the intent to inflict unnecessary harm on the plaintiff, PAUL O'HARA, and such use of force did cause physical and mental injuries to plaintiff and deprived him of his rights and liberties as set forth in the Constitutions of the United States and of the State of New York.

SIXTY- SECOND: The defendants, POLICE OFFICER MICHAEL McEVOY (#15100), POLICE OFFICER MICHAEL MALONE (#20890) and POLICE OFFICERS "JOHN DOE" # 1-4, caused an assault and battery when they, in a hostile and/or offensive manner, threatened, touched and beat the plaintiff, PAUL O'HARA, without his consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff, and did arrest plaintiff, all without warrant, probable cause or any lawful cause whatever.

SIXTY-THIRD: The defendant, the City of New York, it's agents, servants and employees failed to adequately and properly hire, retain, train, supervise, discipline or in any other way control the behavior and performance of the defendants, their agents, servants and employees and in their hiring practices in the exercise of their police functions and, their failure to enforce the laws of the State and City of New York is evidence of the reckless lack of cautious regard for the rights of the public including plaintiff and exhibited a lack of that degree of due care which prudent and reasonable individuals would show in executing the duties of the defendants.

SIXTY-FOURTH: The failure of the defendants, their agents, servants and employees to hire, train,

supervise, discipline or in any other way control the defendants, in the exercise of their functions and their failure to enforce the laws of the State of New York and the City of New York was and is carried out wilfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of the State and City of New York, including plaintiff.

SIXTY-FIFTH: Due to the acts of the defendants, their agents, servants and employees herein, the failure of the City of New York to discipline and properly hire the defendants and the continued employment of the defendant presented a clear and present danger to the citizens of the City and State of New York.

SIXTY-SIXTH: That the defendants, their agents, servants and employees permitted the use of policies, written or otherwise, that were violative of the constitutional rights of the above named plaintiff; and, in that each and all of the acts of the defendants, their agents, servants and employees alleged herein were done not as individuals but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York and the County of Richmond, and under the authority of their office as police officers for said city and county.

SIXTY-SEVENTH: Plaintiff, PAUL O'HARA, did not commit any crime, either before or at the time she was viciously assaulted and battered and deprived of his constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C. § 1983 and the Constitution of the State of New York.

SIXTY-EIGHTH: That at all times hereinafter mentioned, the defendant, POLICE OFFICER MICHAEL McEVOY (#15100), POLICE OFFICER MICHAEL MALONE (#20890) and POLICE OFFICERS "JOHN DOE" # 1-4, were employed in their capacity by the defendant, THE CITY OF NEW YORK and were acting under the color of their official capacity and their acts were performed under the color of the policies, statutes, ordinances, rules and regulations of the City of New York

SIXTY-NINTH: That at all times hereinafter mentioned, defendant, POLICE OFFICER MICHAEL McEVOY (#15100), POLICE OFFICER MICHAEL MALONE (#20890) and POLICE OFFICERS "JOHN DOE" # 1-4, were acting pursuant to order directives from defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT.

SEVENTY: That during all times hereinafter mentioned, the defendant police officers, acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the City of New York and the defendants here, engaged in the illegal conduct here mentioned to the injury of the plaintiff, PAUL O'HARA, and deprived plaintiff of the rights, privileges and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

SEVENTY-FIRST: The Police Officers of the defendant, THE CITY OF NEW YORK and its individual members who are agents, servants and employees of defendants, together with persons unknown to plaintiffs, acting under color of law, have subjected plaintiff, PAUL O'HARA, and other

persons to a pattern of conduct consisting of illegal harassment, intimidation, assault and battery, false imprisonments and arrests at the time said persons are lawfully and properly on the public sidewalks in the County of Richmond, City and State of New York, in denial of rights, privileges and immunities guaranteed plaintiff, PAUL O'HARA, and other citizens by the Constitution of the United States.

SEVENTY- SECOND: This systematic pattern of conduct consists of a large number of individual acts of violence and intimidation, visited on plaintiff, PAUL O'HARA, and other citizens by members of the police department of defendant, THE CITY OF NEW YORK, acting in concert with persons unknown to plaintiff and under color of law and said acts, while carried out under color of law, have no justification or excuse in law and are instead illegal, improper and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring order.

SEVENTY- THIRD: Although defendants knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants and employees, the defendant, THE CITY OF NEW YORK did not take any steps or make any efforts to halt this course of conduct, to make redress to the plaintiff or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents.

SEVENTY- FOURTH: The unlawful and illegal conduct of the defendants, their agents, servants and employees and each of them, deprived Plaintiff of the following rights, privileges and immunities secured to them by the Constitution of the United States and of the State of New York:

a) The right of Plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States; and,

b) The right of Plaintiff to be informed of the nature and cause of the accusation against them as secured to him under the Sixth and Fourteenth Amendments of the Constitution of the United States; and,

c) The right of Plaintiff not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.

SEVENTY- FIFTH: That by reason of the aforesaid violations, including harassment, intimidation, assault and battery caused by the defendants, their agents, servants and employees who conspired together to enter into a nefarious scheme to wrongfully deprive the plaintiff and compel him to abandon their rights and privileges as provided to them in the Constitution of the United States of America, and provided in the Constitution of the State of New York, and laws thereto, the defendants, their agents, servants and employees violated 42 U.S.C. § 1983, in that the defendants, their agents, servants and employees acted as persons who under color of any statute, ordinance, regulation, custom or usage of the City of New York, subjected or caused to be subjected, citizens of the United States or other persons within their jurisdiction, particularly the Plaintiff, PAUL O'HARA, thereof to be deprived of their rights, privileges or immunities received by the

Constitution and laws of the United States of America and of the State of New York; Plaintiff was subjected to great indignities and humiliation, and pain and distress of mind and body and were held up to scorn and ridicule, injured in their character and reputation, were prevented from attending his usual business and vocation and was injured in his reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging plaintiff.

SEVENTY-SIXTH : That by reason of the aforesaid intentional, harassment, intimidation, assault and battery and deprivation of plaintiff's rights and liberties as guaranteed by the aforementioned constitutions, by the defendants, their agents, servants and employees, acting within the scope of their authority, and without any probable or reasonable cause, the Plaintiff, AMANDA O'HARA, suffered great bodily injury in and about his head, neck, back, body and limbs and was rendered sick, sore, lame and disabled, and among other things, he suffered conscious pain and suffering, and that he was otherwise damaged.

SEVENTY- SEVENTH: That as a result of the foregoing violations of Plaintiff's constitutional rights, Plaintiff, PAUL O'HARA, has been damaged in the sum of $5,000,000.00.

## PLAINTIFF PAUL O'HARA'S SECOND CAUSE OF ACTION FOR NEGLIGENCE AGAINST THE CITY OF NEW YORK AND NEW YORK CITY POLICE DEPARTMENT

SEVENTY-EIGTH: Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as if more fully and at length set forth herein.

SEVENTY- NINTH: That the Defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, their agents, servants and/or employees, disregarded their duty to protect the Plaintiff, PAUL O'HARA, and failed to prevent the aforesaid Officer from utilizing a form of cruel and unusual punishment on the aforesaid Plaintiff by threatening, assaulting and attacking the Plaintiff, and inflicting serious injuries upon the Plaintiff, and took no action to stop these unlawful acts.

EIGHTY: Upon information and belief, that at the time and place aforesaid, the Defendants, had actual knowledge and notice of the vicious and dangerous propensities of the Officers who attacked the Plaintiff, PAUL O'HARA, or the same had existed for sufficient length of time prior to the occurrence herein alleged that the Defendants could and should have had such knowledge and notice.

EIGHTY-FIRST: The aforesaid occurrence was caused, concomitantly, with the willful and intentional and/or negligent acts of the aforesaid agent, servant and/or employee of the Defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, as aforementioned, in that upon information and belief, the Defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, or its agents, knew or should have known, prior to, at, and subsequent to the time when it employed and engaged said employee to wit Defendant POLICE OFFICER MICHAEL McEVOY (#15100), POLICE OFFICER MICHAEL MALONE (#20890) and

POLICE OFFICERS "JOHN DOE" # 1-4, that they were persons of mean and vicious temperament, had previously committed assaults and batteries upon other persons without just cause or provocation, and were known by general reputation to be bellicose; or its agents failed and neglected to make any, or appropriate, inquiries with respect to the character, temperament and temper of the aforesaid officers, prior to, at, or subsequent to the time it employed and engaged said agent, servant and/or employee.

EIGHTY- SECOND: That by reason of the aforesaid, the Defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, were negligent in hiring and retaining defendant POLICE OFFICER MICHAEL McEVOY (#15100), POLICE OFFICER MICHAEL MALONE (#20890) and POLICE OFFICERS "JOHN DOE" # 1-4.

EIGHTY- THIRD: That solely and wholly as a result of the negligence of the Defendants as aforesaid, Plaintiff, PAUL O'HARA, suffered severe and serious injuries and Plaintiff has been informed and believes that he will continue to suffer therefrom for an indefinite time in the future and that some of said injuries are permanent in nature.

EIGHTY- FOURTH: That as a result of the foregoing violations of Plaintiff's constitutional rights, Plaintiff, PAUL O'HARA, has been damaged in the sum of $5,000,000.00.

### PLAINTIFF PAUL O'HARA'S THIRD CAUSE OF ACTION FOR NEGLIGENCE AGAINST DEFENDANT POLICE OFFICER MICHAEL McEVOY (#15100), POLICE OFFICER MICHAEL MALONE (#20890) and POLICE OFFICERS "JOHN DOE" # 1-4

EIGHTY-FIFTH: Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as if set forth fully herein.

EIGHTY-SIXTH: That Defendants, POLICE OFFICER MICHAEL McEVOY (#15100), POLICE OFFICER MICHAEL MALONE (#20890) and POLICE OFFICERS "JOHN DOE" # 1-4, carelessly, negligently and recklessly inflicted the aforesaid injuries upon the Plaintiff, PAUL O'HARA, and utterly failed to exercise the necessary amount of care and caution which reasonable persons would have exercised to prevent this foreseeable occurrence.

EIGHTY- SEVENTH: The injuries of the Plaintiff, PAUL O'HARA, were due solely to the aforesaid negligent, careless and reckless conduct on the part of said Defendants without any negligence on the part of the Plaintiff contributing thereto.

EIGHTY- EIGHTH: By virtue of the aforesaid negligence of Defendants, POLICE OFFICER MICHAEL McEVOY (#15100), POLICE OFFICER MICHAEL MALONE (#20890) and POLICE OFFICERS "JOHN DOE" # 1-4, plaintiff suffered severe and serious injuries as aforesaid.

EIGHTY-NINTH: That as a result of the foregoing violations of Plaintiff's constitutional rights, Plaintiff, PAUL O'HARA, has been damaged in the sum of $5,000,000.00.

## PLAINTIFF PAUL O'HARA'S FOURTH CAUSE OF ACTION FOR ASSAULT

NINETY: Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as if set forth fully herein.

NINETY-FIRST: That the defendants, POLICE OFFICER MICHAEL McEVOY (#15100), POLICE OFFICER MICHAEL MALONE (#20890) and POLICE OFFICERS "JOHN DOE" # 1-4, intentionally caused Plaintiff, PAUL O'HARA, to experience a reasonable apprehension that an immediate harmful and offensive contact would be applied to his person.

NINETY-SECOND: By virtue of the aforesaid intentional acts of this defendants, the plaintiff, PAUL O'HARA, suffered severe and serious injuries as aforesaid.

NINETY-THIRD: That as a result of the foregoing violations of Plaintiff's constitutional rights, Plaintiff, PAUL O'HARA, has been damaged in the sum of $5,000,000.00.

## PLAINTIFF PAUL O'HARA'S FIFTH CAUSE OF ACTION FOR BATTERY

NINETY-FOURTH: Plaintiffs repeat, reiterate and reallege each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as if set forth fully herein.

NINETY-FIFTH: That the defendants, POLICE OFFICER MICHAEL McEVOY (#15100), POLICE OFFICER MICHAEL MALONE (#20890) and POLICE OFFICERS "JOHN DOE" # 1-4, intentionally caused a harmful and offensive contact to be applied to the person of the Plaintiff, PAUL O'HARA.

NINETY-SIXTH: By virtue of the aforesaid intentional acts of this defendant, the Plaintiff, PAUL O'HARA, suffered severe and serious injuries as aforesaid.

NINETY-SEVENTH: That as a result of the foregoing violations of Plaintiff's constitutional rights, Plaintiff, PAUL O'HARA, has been damaged in the sum of $5,000,000.00.

NINETY-EIGHTH: That heretofore, on May 25, 2010, a Verified Notice of Claim was duly served upon the Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT.

NINETY-NINTH: That said Notice of Claim was duly served upon the Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, within ninety (90) days after the causes of action of the Plaintiff(s) accrued.

ONE HUNDRED: That more than ninety (90) days have elapsed since the service of said Verified Notice of Claim upon the Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT.

ONE HUNDRED-FIRST: That the Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, and its Comptroller have failed, neglected and refused to pay, settle, compromise or adjust the claims of the Plaintiff herein.

ONE HUNDRED-SECOND: That on September 2, 2010, Plaintiff, PAUL O'HARA, submitted to a inquiry concerning the justness of his claim.

ONE HUNDRED-THIRD: That this action has been commenced within one (1) year and ninety (90) days after the causes of action of Plaintiff accrued.

ONE HUNDRED-FOURTH: That the Plaintiff has duly complied with all the conditions precedent to the commencement of this action.

ONE HUNDRED-FIFTH: That this action falls within one or more of the exceptions enumerated in Art 16 of the CPLR.

WHEREFORE, by reason of the aforesaid, the Plaintiff requests the following relief:

   a) Compensatory damages in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS;

   b) Punitive damages in the sum of TWENTY MILLION ($20,000,000.00) DOLLARS;

   c) An award of reasonable attorney's fees, costs and disbursements;

   d) Plaintiff requests a trial by jury of all issues involved in this complaint;

   e) Such other and further relief as this Court may deem just, equitable and proper under the circumstances.

Dated: Flushing, New York
       October 4, 2011

THE ORLOW FIRM
By: Adam M. Orlow
Attorney for Plaintiff
71-18 Main Street
Flushing, NY 11367
(718)544-4100

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------
AMANDA O'HARA and PAUL O'HARA,

                Plaintiff,

  - against-


THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT and POLICE OFFICER MICHAEL McEVOY
(#15100), POLICE OFFICER MICHAEL MALONE (#20890)
and POLICE OFFICERS "JOHN DOE" # 1-4,

                Defendants.
------------------------------------------------------------------

**AMENDED SUMMONS & AMENDED COMPLAINT**

------------------------------------------------------------------

THE ORLOW FIRM
Attorney for Plaintiff
Office and P.O. Address
71-18 Main Street
Flushing, NY 11367
(718) 544-4100

------------------------------------------------------------------


------------------------------------------------------------------